**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Colorful Days Co.,<br><br>Plaintiff,<br><br>v.<br><br>Ningboyirilaiwujinzhipinyouxiangongsi d/b/a Get-Easily<br><br>Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Colorful Days Co. hereby brings the present action against Ningboyirilaiwujinzhipinyouxiangongsi d/b/a Get-Easily, as further identified below, and complains as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq*., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant structures its business activities to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce store operating under the seller aliases identified herein and any further aliases to be discovered. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and has sold products which

infringe Plaintiff's Patent to residents of Illinois. Defendant has thus committed tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois.

3. Alternatively, jurisdiction over Defendant is appropriate under the Federal Long Arm provisions of Fed. R. Civ. P. 4(k)(2). Specifically, as a foreign entity or entities with no known established domestic presence, Defendant has nebulous contacts with each of the United States. To the extent Defendant's contacts with the State of Illinois are insufficient to confer jurisdiction under the State's long-arm statute, jurisdiction would similarly fail in each other State. The exercise of jurisdiction over Defendants, however, is consistent with the Constitution and laws of the United States. In particular, Defendant seeks out the United States market through its online e-commerce activity and thus should expect to be hailed into the Courts of the United States when that activity gives rise to claims. Consequently, because Plaintiff's claims arise under federal law, personal jurisdiction is alternatively proper under Fed. R. Civ. P. 4(k)(2).

## II. PARTIES

4. Plaintiff, Colorful Days Co., a Corporation formed under the laws of the State of Florida with its principal place of business located in Miami, Florida.

5. Plaintiff is the original applicant and lawful owner of all right, title, and interest in U.S. Patent No. D1,044,146 attached as **Exhibit 1** ("Plaintiff's Patent" or the "D'146 Patent"), including the right to sue for past damages. A true and correct copy of Plaintiff's Patent is attached hereto as **Exhibit 1**.

6. Plaintiff's Patent was issued on September 24, 2024. *See* **Exhibit 1**.

7. Plaintiff's Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35 U.S.C. § 282.

8. In general, Plaintiff's Patent is directed toward an innovative ornamental design for a bird cage cover. As shown in, for example, Fig. 1 of Plaintiff's Patent (copied below with annotation), the claimed design is usable with a bird cage, shown in phantom or dashed lines in the patent figures, and includes a symbolic break, indicating that the design may have any length:




FIG. 1

9. Defendant Ningboyirilaiwujinzhipinyouxiangongsi is a Chinese business of unknown incorporation.

10. Defendant operates a fully interactive e-commerce store on the Amazon.com marketplace under the name Get-Easily with Amazon Seller ID No. A1137JVH5BOOL8. *See* https://www.amazon.com/sp?ie=UTF8&seller=A1137JVH5BOOL8 (last accessed 9/21/2026).

11. Defendant purports to have a place of business located at Yiqingqiao Village (Nos. 1208–1272 Qianying Road) No. 241 Cixi City Henghe Town Zhejiang Province 315318 China based on a machine translation of the business address listed on its Amazon Seller Profile page. *Id.*

12. However, a search of that address on Baidu Maps[1] using the original Chinese language text returns a different company operating under the name "Ningbo Zhongxing Chemical Co." operating at that address. Similarly, a search of the machine translated English text returns no relevant results.

13. On information and belief, the address provided on the Amazon Seller Info page is either inaccurate, incomplete, or otherwise insufficient to find Defendant at a physical location.

14. Through its fully interactive e-commerce site operating on the Amazon.com marketplace, Defendant sells several variations of products that infringe upon Plaintiff's Patent.

15. Defendant sells two different sizes of an infringing bird cage cover accessible at Amazon Standard Identification Number ("ASIN") B0D7B9F7FN, including a 61" version under that parent ASIN and a 68" version under ASIN B0D7B1VNXV.

---

[1] Baidu Maps is the most popular Chinese language map service and is thus considered a more reliable source of information for Chinese address than domestic search engines. However, searches conducted on through the Google Maps service similar result in no locations being found.

16. Defendant sells a seemingly identical infringing product in a 68” version under ASIN B0CBNQ53JJ (with a currently unavailable 61” version under ASIN B0CBNRRVX5).

17. Defendant sells a third infringing product = under ASIN B0CMZD8TF5.

18. Each of the variations of Defendant’s Infringing Products described above is substantially identical other than its dimensions (being either an 18”x18”x61” cover or a 24”x24”x68” cover). In all material aspects, Defendant’s Infringing Products appear to be identical, and each product infringes upon Plaintiff’s Patent in the same manner.

19. Defendant may sell additional variations of Infringing Products (such as additional lengths, color variations, etc.) that have yet to be discovered and may additionally sell Infringing Products through other marketplaces beyond Amazon.com. Consequently, the list of products and ASINs discussed above should not be considered exhaustive of all Infringing Products.

20. Tactics used by Defendant to conceal its identity and the full scope of its operation make it virtually impossible for Plaintiff to learn Defendant’s true identity and the exact interworking of its infringing network (*i.e.*, whether Defendant operates in conjunction with other infringers, acts as a distributor for a larger infringer, manufactures products for infringers, etc.). In fact, from available information, it is not even clear whether Defendant is an entity unto itself or whether it is a d/b/a of another entity, a wholly owned subsidiary of another entity, or has some other relationship that might be relevant to the issues presented in this case. If Defendant provides additional credible information regarding its identity or demonstrates that the Amazon.com e-commerce store or ASINs described herein are owned or operated by other entities, Plaintiff will take appropriate steps to amend the Complaint as necessary.

## III. INTRODUCTION

21. Plaintiff filed this case to prevent Defendant's ongoing infringement of Plaintiff's Patent through continued sales and offers to sell infringing products including the Infringing Products identified above. Defendant has created e-commerce stores under one or more Seller Aliases and then advertised, offered for sale, and sold Infringing Products to unknowing consumers.

22. Defendant takes advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendant attempts to avoid liability by operating under one or more Seller Aliases to conceal its identity, location, and the full scope and interworking of its infringing operation. Plaintiff is forced to file this action to combat Defendant's infringement of Plaintiff's patented design and to protect consumers from purchasing Infringing Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through erosion of Plaintiff's patent rights because of Defendant's actions and therefore seeks injunctive and monetary relief.

## IV. DEFENDANT'S UNLAWFUL CONDUCT

23. As outlined above, Defendant is selling at least three Infringing Products, some of which come in multiple sizes. To the extent there are differences between the Infringing Products discussed herein, they are insignificant for purposes of an infringement analysis. That is, each of the Infringing Products sold by Defendant include substantially the same infringing design of a bird cage cover.

24. The following comparison images demonstrate how the Infringing Products infringe upon the D’146 Patent[2]:

| D’146 Patent | Defendant’s Infringing Product |
|---|---|
|  FIG. 1 |  |

[2] Images of the Infringing Product are taken from the product listing for the 61” bird cage cover sold under ASIN B0D7B9F7FN and are representative of all Infringing Products sold by Defendant. Plaintiff conducted a test purchase and confirmed that Defendant has sold and shipped the Infringing Products to Illinois including the product sold under ASIN B0D7B9F7FN.

| D'146 Patent | Defendant's Infringing Product |
|---|---|
|  FIG. 2 |  |

25. As shown above, the accused designs, when viewed as a whole and in light of the overall visual impression created by the claimed ornamental features, are substantially the same as the claimed design such that an ordinary observer familiar with the relevant prior art would be deceived into believing that the accused design is the patented design.

26. In particular, the claimed design and the Infringing Product share numerous features that contribute to the overall visual impression such as an overall rectangular shape, squared edges, and a transition region toward the top edge of the cover. When viewed as a whole, these features contribute to an overall visual impression that is substantially similar to the claimed design.

27. Infringers such as Defendant typically operate under multiple seller aliases and payment accounts or create subsidiaries or related accounts that may be controlled by employees

or other related users. Infringers take these steps so that they can continue operation despite enforcement efforts. If one account or alias is shut down, the infringer simply continues operating under a different alias or account. E-commerce store operators like Defendant also maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiffs.

28. On information and belief, Defendant has knowingly and willfully applied the patented design, or a colorable imitation thereof, to Infringing Products and/or has manufactured, imported, distributed, offered for sale, and/or sold Infringing Products that incorporate the claimed design. Defendant, without any authorization or license from Plaintiff has thus knowingly and willfully infringed Plaintiff's Patent in connection with the use and/or manufacturing of Infringing Products and distribution, exporting/importing, offering for sale, and sale of Infringing Products into the United States and Illinois over the Internet.

29. On information and belief, Defendant's infringement is willful. Plaintiff presently lacks access to information concerning Defendant's knowledge of the D'146 Patent and the circumstances surrounding Defendant's adoption and continued sale of the Infringing Products. Plaintiff expects discovery to establish the extent of Defendant's knowledge and the circumstances supporting enhanced damages.

30. Defendant's unauthorized use and/or manufacturing of the claimed design in Plaintiff's Patent in connection with the distribution, exporting/importing, offering for sale, and sale of Infringing Products, including the sale of Infringing Products discussed above, into the United States, including Illinois, is likely to cause, and has caused, erosion of Plaintiff's patent rights and is irreparably harming Plaintiff.

31. Defendant's Infringing Products incorporate a design that is substantially the same as the ornamental design claimed in the D'146 Patent. When the claimed design and the accused designs are viewed as a whole, including their respective overall shape, configuration, proportions, contours, surfaces, and arrangement of ornamental features, the designs create substantially the same overall visual impression.

32. An ordinary observer familiar with the relevant prior art, giving the attention ordinarily given by a purchaser of the relevant products, would be deceived into believing that the accused bird cage covers sold by Defendant are the design claimed in the D'146 Patent. The similarities arise from the overall ornamental appearance of the claimed design and are not merely similarities in isolated functional features.

33. Defendant has applied the patented design, or a colorable imitation thereof, to articles of manufacture for the purpose of sale and has sold and offered for sale such articles in the United States, including through Amazon.com. Defendant's acts constitute infringement under 35 U.S.C. § 271(a) and subject Defendant to the remedies available under 35 U.S.C. §§ 283–289.

**COUNT I**
**PATENT INFRINGEMENT (15 U.S.C. § 271) – THE D'146 PATENT**

34. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

35. As shown, Defendant is knowingly and willfully manufacturing, importing, distributing, offering for sale, and/or selling infringing products.

36. Defendant has infringed and continues to infringe Plaintiff's Patent by making, using, importing, selling, and/or offering to sell the Infringing Products identified above in the United States without authorization or license from Plaintiff.

37. Specifically, Defendant has applied the patented design, or a colorable imitation thereof, to bird cage covers identified as the Infringing Products for the purpose of sale and has sold and offered for sales such bird cage covers and other Infringing Products in the United States.

38. Pursuant to 35 U.S.C. § 289, Defendant is liable to Plaintiff to the full extent of Defendant's total profits, but not less than $250.

39. Additionally, Defendant may be selling the Infringing Products under other as-yet-unknown product IDs that will be identified after a reasonable opportunity to take discovery.

40. Defendant has profited from its infringement of Plaintiff's Patent, and Plaintiff has suffered actual harm as a result of Defendant's infringement. This harm to Plaintiff far outweighs any potential harm to Defendant if Defendant's sales are enjoined

41. In particular, Defendant appears to be a bazaar-style online seller. That is, Defendant appears to sell a variety of unrelated products and thus does not tie its identity to a particular product line or category. To the extent Defendant targets a specific product category or consumer market, it would appear that Defendant targets a DIY automotive market. Defendant's storefront on the Amazon.com marketplace lists a large variety of automotive repair products such as automotive vacuum tubing and plugs, hitch pins, auto body alignment shims, car fuses, hose clamps, gasket tools, grease fittings, hydraulic parts, gaskets, o-rings, nuts, bolts, brackets, and the like. *See* https://www.amazon.com/s?me=A1137JVH5BOOL8 (last accessed 9/21/2026). The only products listed on Defendant's store front with no discernable connection to automotive repair are the Infringing Products discussed above.

42. In other words, Defendant has an automotive repair parts business and only tangential sales of the Infringing Products. Accordingly, its business would not be substantially disrupted by enjoining further infringing sales.

43. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendant's infringement of Plaintiff's Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions.

44. On information and belief, Defendant's infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

45. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendant is preliminarily and permanently enjoined by this Court from continuing its infringement of Plaintiff's Patent, Plaintiff will continue to suffer additional irreparable harm, including erosion of patent rights.

46. Plaintiff is entitled to recover all damages and remedies available under 35 U.S.C. §§ 283–289, including, as applicable, Defendant's total profits attributable to the infringement pursuant to 35 U.S.C. § 289 and damages pursuant to 35 U.S.C. § 284, but in no event less than a reasonable royalty, subject to the prohibition against double recovery

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active

concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patent; and

b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patent.

B. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, eBay, Temu, and Walmart, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe Plaintiff's Patent.

C. That Judgment be entered against Defendant finding that they have infringed upon Plaintiff's Patent.

D. That Judgment be entered against Defendant finding that infringement of Plaintiff's Patent has been willful.

E. That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs.

F. That Plaintiff be awarded treble damages under 35 U.S.C. § 284 of all applicable damages for Defendant's willful infringement of Plaintiff's Patent.

G. A finding that this case is exceptional under 35 U.S.C. § 285.

H. That Plaintiff be awarded Defendant's total profits attributable to the infringement pursuant to 35 U.S.C. § 289, together with such other damages and remedies as may be available under 35 U.S.C. §§ 283–285, without double recovery.

I. That Plaintiff be awarded its reasonable attorneys' fees and costs.

J. Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 24, 2026

Respectfully submitted,

/s/Benjamin A. Campbell
Edward L. Bishop
ebishop@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
Brockton D. Ash
bash@bdl-iplaw.com
BISHOP & DIEHL, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Tel.: (847) 969-9123
Fax: (630) 566-2949

*Counsel for Plaintiff*